73 So.2d 743

**CROUCH**

v.

**DE LUXE CAB CO., Inc.**

**I Div. 553.**

Supreme Court of Alabama.

June 30, 1954.

Robt. E. Hodnette, Jr., Tonsmeire & Hodnette, Mobile, for appellant.

Alex T. Howard, Mobile, for appellee.

240

STAKELY, Justice.

Ann Crouch (appellant) instituted suit in the Circuit Court of Mobile County against DeLuxe Cab Company, Inc., a corporation (appellee) and one Albert Bolton, claiming damages for injuries alleged to have been received by her on December 27, 1951, while a passenger in an automobile driven by Albert Bolton. Before the case went to trial the complaint was amended by striking Albert Bolton as a party defendant. Trial of the case resulted in a judgment and verdict for the defendant, hence this appeal.

On the night of December 26, 1951, Ann Crouch had a date with Albert Bolton. Together they went to a night club called The Plaza, situated near Mobile, Alabama, at about 9:30 that night. They left The Plaza sometime between one and two A.M. They were returning to Mobile on Fulton Road, a paved road, when just outside the city limits the car driven by Albert Bolton collided with a taxicab owned by the DeLuxe Cab Company.

The taxicab was parked alongside the road with two of its wheels on Fulton Road and two wheels off. According to James Jensen, the driver of the taxicab, he stopped to aid one Thomas T. Grace and his wife, whose automobile was parked off the road out of gas. It is contended by the plaintiff, Ann Crouch, and Albert Bolton that the taxicab had no lights burning. This was denied by James Jensen, who claims that both his taillights and his headlights were on. According to James Jensen and Thomas T. Grace and his wife, the car in which Ann Crouch was riding was weaving back and forth down the road prior to the collision. Police officers who arrived at the scene shortly after the accident testified that Albert Bolton appeared intoxicated at the time they were at the wreck.

The defendant, DeLuxe Cab Company, filed a plea of the general issue and a plea of contributory negligence. The plaintiff demurred to the plea of contributory negligence, which was overruled.

The pivotal question in the case appears to be whether the court acted correctly in overruling the demurrer to the plea of contributory negligence. This plea reads as follows: "2. And for further answer to the complaint as amended, this defendant says that the plaintiff at the time and place complained of was herself guilty of negligence, which proximately contributed to the injury and damages complained of."

The demurrer is that, "Said plea contains no facts that show whether or not plaintiff was herself guilty of negligence which proximately contributed to her injuries."

This brings us to a consideration of Rule 37 of the Rules of Practice in the Circuit and Inferior Courts of Common Law Jurisdiction. Code of 1940, Title 7 Appendix. We set out Rule 37 as follows:

"In pleading contributory negligence no greater particularity of averment as respects the acts, omissions, conduct or behavior relied on as constituting contributory negligence is required than is required in averring, in a complaint, the acts, omissions, conduct or behavior relied on as constituting negligence. A plea of contributory negligence shall be interpreted as charging contributory negligence subsequent to discovery of peril to the same extent that an averment of negligence in a complaint, of the same tenor as the averment of contributory negligence in the plea, would be interpreted as charging negligence subsequent to discovery of peril."

In Pankey v. City of Mobile, 250 Ala. 566, 567, 35 So.2d 497, 499, in discussing the scope and purpose of Rule 37, it was said:

"The scope and purpose of Rule 37 was and is to relax the requirement of the rule of particularity established by the former decisions and to substitute therefor the more liberal rule applicable to pleading a cause of action for

personal injury in the complaint based on negligence which, to state its general effect, is that facts must be averred showing a duty owed by defendant to plaintiff followed by a general averment of negligence as proximately causing the injury. * * *"

Again in Birmingham Electric Co. v. Carver, 255 Ala. 471, 52 So.2d 200, 203, the principle laid down in the foregoing case was reiterated and among other things the court said:

"* * * The complaint or plea should allege that the alleged duty, specifying it, was negligently breached without the need of specifying the details constituting the breach. Prior to Rule 37, the plea must allege in addition to the above the particular manner in which it was breached. * * *"

Since it is obvious from the foregoing authorities that under Rule 37 the plea must show an alleged duty, it is appropriate to ask, what is the duty owing by the plaintiff to the defendant in the instant case? In this connection it should be remembered that the negligence, if any, of the driver Bolton is not imputed to the plaintiff, because there is no proof of any authority in her to control or direct the movements of the car in which they were riding. Morgan-Hill Paving Co. v. Fonville, 224 Ala. 383, 140 So. 575. There is, however, a duty on the part of the guest riding in the car to exercise due care for her own safety. If in the exercise of common prudence she ought to have given some warning to the driver of carelessness on his part, which she observed or might have observed, or if in the exercise of such due care, she should have made an effort to have the car stopped and get out of it, a duty arises. Mobile City Lines v. Orr, 253 Ala. 528, 45 So.2d 766.

In Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289, 291, it was said:

"A person riding in or on a motor vehicle driven by another, even though not chargeable with the driver's negligence, is not absolved from all personal care for his own safety, but is under the duty of exercising reasonable or ordinary care to avoid injury; that is, such care as an ordinarily prudent person would exercise under like circumstances."

In the recent case of Walker v. Bowling, Ala.Sup., 72 So.2d 841,[1] it was held that the duty of a guest riding in a car to one not the driver is not dependent upon the existence of a duty owing to the driver. In other words, a third person is responsible for negligently injuring the guest, although she is the gratuitous guest of another. Therefore the duty of the guest to look out for her own safety is owing to the one who is negligent and who may be legally charged with negligence which causes her injury.

It clearly appears that Plea 2 which is here under consideration does not comply with the requirements of Rule 37, because it does not contain allegation of facts showing a duty owed by the plaintiff to the defendant.

But it is very earnestly insisted that the omitted allegation of duty was nevertheless made an issue on the trial and the court clearly and explicitly so instructed the jury. In other words the point is taken that under Rule 45 we should consider the omitted allegation in Plea 2 to be error without injury. We cannot sustain this position. In the case of Atlantic Coast Line R. Co. v. Jackson, 225 Ala. 652, 144 So. 813, 814, it was held that a defect in the complaint should not necessarily cause a reversal. It was said:

"When a count states a cause of action, though there may be some defect which is pointed out by demurrer, if the action is tried upon the theory that such averment is made, and the jury is required to find in accordance with the correct rule in that respect, the error is held to be without prejudice."

To the same effect we refer to Southern Railway Co. v. Dickson, 211 Ala. 481, 100

1. Ante, p. 46.

So. 665; Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann.Cas. 1917D, 929.

The failure to allege in Plea 2 however the duty owing by the plaintiff to the defendant is not a mere defect in the plea. On the contrary, the failure to allege such duty constitutes the omission of a vital and essential allegation in the plea, which deprives the plea of all defensive effect. It will be noticed that in the foregoing authorities, where it is held that a defect in the complaint is corrected, the complaint must still state a cause of action. In pleading defensively, while a defect may be cured under Rule 45, the rule cannot be expanded to alleviate error if a plea is fundamentally bad.

In view of our holding that Plea 2 is a defective plea to which the demurrer should have been sustained, we find it unnecessary to consider the other questions presented on this appeal. Accordingly the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON, GOODWYN, MERRILL and CLAYTON, JJ., concur.

LAWSON, J., dissents.