NEW ORLEANS AND NORTHEAST-
ERN RAILROAD COMPANY
et al., Appellants,

v.

HEWETT OIL COMPANY, Inc., et al.,
Appellees.

HEWETT OIL COMPANY, Inc., et al.,
Appellants,

v.

NEW ORLEANS AND NORTHEAST-
ERN RAILROAD COMPANY,
Appellee.

No. 20949.

United States Court of Appeals
Fifth Circuit.

Feb. 11, 1965.

Rehearing Denied May 28, 1965.

L. Murray Alley, Leigh M. Clark, Bir-
mingham, Ala., Cabaniss, Johnston, Gard-
ner & Clark, Birmingham, Ala., of coun-
sel, for appellants.

Jack J. Hall, James L. Shores, Jr., Schuyler A. Baker, Birmingham, Ala., Baker, McDaniel & Hall, Birmingham, Ala., of counsel, for appellees.

Before TUTTLE, Chief Judge, WISDOM, Circuit Judge, and McRAE, District Judge.

McRAE, District Judge:

At about eleven-thirty o'clock in the morning of November 8, 1962, a tractor-trailer unit owned by Hewett Oil Company, Inc., (Hewett) [1] and being driven, in the scope of his employment, by Roy Gordon McCurry collided with a Southern Railway Company (Southern) passenger train en route from Atlanta to Birmingham at a crossing near the line between Calhoun County and Talladega County, Alabama. The diesel locomotive pulling the train was leased by Southern from the New Orleans and Northeastern Railroad Company (NO&NE).

Southern brought suit against Hewett and McCurry, alleging negligence and demanding damages incurred in the repair of its cars. Hewett and McCurry denied negligence and alleged contributory negligence of Southern. The jury rendered a verdict for Hewett and McCurry. The trial court refused to enter a judgment notwithstanding the verdict and denied motion for new trial.

NO&NE brought suit against Hewett and McCurry, alleging negligence and demanding damages incurred in the repair of its locomotive. The trial court, on facts hereinafter examined, refused to allow the jury to impute the negligence of Southern to NO&NE. The jury rendered a verdict for NO&NE in the amount of $36,473.71.

The cases were consolidated for trial.

All parties appeal.

Inasmuch as the several appeals raise widely different questions of law, they will be separately considered.

*Southern Railway Company v. Hewett Oil Company and Roy Gordon McCurry*

This appeal is based solely upon the contention of Southern that the defendants were guilty of negligence either in not stopping, looking and listening before attempting to cross the railroad track or, if having stopped, in failing to see the approaching train; and that there was no substantial evidence that Southern was guilty of negligence proximately contributing to the collision.

■ The facts in the record relating to defendants' negligence are surely in dispute. McCurry asserts that he had stopped before attempting to cross the track, and an examination of the truck following the accident indicated that it was in low gear. A seventy-eight year old woman, who was an invalid, seated on her porch at a considerable distance from the crossing, saw the approaching truck and said she feared that there might be a collision. Although she could not actually see the crossing, she testified by deposition that the truck did not appear to be about to stop. Since the jury returned a verdict for NO&NE and against Hewett, it is clear that the jury resolved these conflicts in the evidence against Hewett.

The next question for consideration is whether Southern was guilty of negligence proximately contributing to the collision. The Court has examined the extensive record, and finds that there is testimony that the headlight on the locomotive was not lighted, that the train was traveling at a rapid rate of speed, that no signal was given as the train approached the crossing, and that fog and rain decreased visibility. The fact that there is evidence to the contrary simply means that the question was properly submitted to the jury under proper instructions of the Court. A more detailed examination of the facts would manifestly serve no useful purpose.

1. Hewett Oil Company, Inc., and Roy Gordon McCurry will be referred to as "Hewett", unless the context requires a specific reference to Roy Gordon McCurry individually; in the latter case he will be referred to as McCurry.

*New Orleans and Northeastern Railroad Company v. Hewett Oil Company, Inc.*

Hewett seeks a reversal of the verdict and judgment rendered against it, and in favor of NO&NE, on three specifications of error,[2] which basically involve the same issue: What was the relationship in the present case between Southern and its employees and NO&NE? In order to make a determination of this basic issue and the resulting legal problems, an examination must be made of the certain relevant parts of the record.

The Southern Railway System, a non-corporate entity, is the name given to the sixty-member "family" which includes the Southern Railway Company, the Cincinnati-New Orleans and Texas Pacific Railroad Company, the Alabama Great Southern Railroad Company, the Carolina Northwestern Railroad Company, the New Orleans and Northeastern Railroad Company, and a good many smaller lines which were described by the assistant comptroller of Southern as "class two carriers". Although the executive offices of the various railroads are paid by checks issued by Southern, the entire payroll is pooled, prorated and "participated in by the affiliated lines".

Although the constituent members of the Southern Railway System constitute a "family", it is plain from the record that the members of the family are separate entities. The so-called "pools" which are referred to from time to time in the briefs and records were used not for the purpose of combining assets and liabilities of the various companies, but for the purpose of allocating accurately to each company the expenses actually incurred by it.

There are ten members of the board of directors of Southern Railway Company and nine members of the board of directors of NO&NE. D. W. Brosnan, president of both companies, is the only member of both boards.

At the time of the collision, the passenger train was being operated by employees of the Southern Railway *Company* and not by the Southern Railway *System*, over tracks owned by the Southern Railway *Company*.

The diesel locomotive involved in the accident, Locomotive 6911, was purchased, paid for and owned by NO&NE. Based upon the original cost and the depreciation, NO&NE received a fixed rental payment each month for the use of this locomotive by other companies that might make use of it during a particular month. Locomotive 6911 was in the possession of Southern Railway Company at the time of the accident under a valid rental arrangement.

NO&NE contends basically that under the law of Alabama two parties are not engaged in a joint adventure or joint enterprise unless each party has equal right to control the operation of the vehicle. This principle has been often and consistently stated by the Supreme Court of Alabama, from as early as 1889, in Elyton Land Co. v. Mingea, 89 Ala. 521, 7 So. 666. The test was well expressed in Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49, (1924), as follows:

"* * * The liability declared does not grow out of the relation of each to a common employer, the Crescent Motor Company, but out of their relations to each other in the operation of the car at the time of the accident. *The basic fact is joint*

2.    "Specification of Error 1
     "The Court erred to reverse in charging the jury that the New Orleans and Northeastern Railroad Company was not chargeable with the negligence of the engineer and fireman operating the locomotive.
          "Specification of Error 2
     "The Court erred to reverse in failing to charge the jury that the contributory negligence of the engineer and fireman

was imputable to the New Orleans and Northeastern Railroad Company.
          "Specification of Error 3
     "The Court erred to reverse in failing to submit to the jury the evidence and issue of whether the New Orleans and Northeastern Railroad Company was liable for the negligence of the employees of the Southern Railroad Company in operating the locomotive at the time of the collision."

*and equal control of the operation of the car,* so that the man at the wheel was acting for the other as well as himself." (Emphasis added.)

See also Whidden v. Malone, 220 Ala. 220, 124 So. 516 (1929), Johnson v. Battles, 255 Ala. 624, 52 So.2d 702 (1951), and Crouch v. DeLuxe Cab Co., 261 Ala. 239, 73 So.2d 743 (1954).

The fact that the Alabama Supreme Court has generally had occasion to apply the law in cases involving the operation of automobiles appears to this Court to have no significant effect upon the operation of the principle.

Hewett's position is not strengthened by the apparent assertion that there was such a common economic interest between the Southern Railway Company and NO&NE as to transform and establish the relationship into a joint adventure or joint enterprise.

The Alabama cases support the rule, as urged by Hewett, that the contributory negligence of one person will be imputed to another where both are engaged in the joint pursuit of a common enterprise. Alabama Great So. R. Co. v. Hanbury, 161 Ala. 358, 49 So. 467 (1909). But this rule finds no application in the present case because of the absence of a joint adventure or joint enterprise.

It is our opinion that the learned trial judge fully, fairly and correctly charged the jury with reference to Hewett's liability to NO&NE.[3]

NO&NE urges that since Hewett did not squarely present to the trial judge the question of joint adventure, either at the trial or following the giving of the instructions, this question cannot now be raised on appeal. The thrust of this argument appears to be that Hewett had argued to the trial court that any negligence of Southern should be imputed to NO&NE on the theory that NO&NE was a dummy corporation and the Court should "pierce the corporate veil" and accordingly impute to NO&NE the negligence of the employees of Southern. It is contended in effect that Hewett's argument on appeal that Southern and NO&NE were engaged in a joint adventure or joint enterprise was a belated afterthought, and cannot now be asserted by Hewett for the purpose of defeating the claim of NO&NE. This argument is based upon Rule 51, F.R. C.P.[4] The purpose of Rule 51 is to ensure accuracy of instructions to juries, and to avoid the waste of time and money from reversals that result from oversight, technical omissions or remediable mistakes. The Court readily recognizes the importance of careful observance of the provisions of this rule. Conceptual-

---

3. In pertinent part the charge was:

"Now, let's turn to the New Orleans and Northeastern Railroad Company claim. It is different from the Southern only in this respect. The employees of the—the fireman and engineer were not their [NO&NE] employees and if you should answer the question, was Mr. McCurry guilty in the manner in which he approaced and entered upon the crossing? If you say, 'Yes', then they [NO&NE] would be entitled to recover irrespective of whether you also find the fireman and engineer were guilty of some negligence. *Simply stated, New Orleans and Northeastern would not be responsible for conduct of people that didn't work for them and had no responsibility to them.*" (Emphasis added.)

4. "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the court shall instruct the jury after the arguments are completed. *No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.* Opportunity shall be given to make the objection out of the hearing of the jury." (Emphasis added.)

ly, however, the argument of "piercing the corporate veil" and "joint adventure or joint enterprise", as they were presented to the jury by the evidence and instructions of the court, are sufficiently similar to enable the one to carry the other along. It follows, therefore, that there was substantial compliance with Rule 51, and the affirmance of Hewett's liability is squarely based upon failure of the evidence to establish the existence of a joint adventure or joint enterprise which would result in the imputation to NO&NE of the negligence of the employees of Southern.

The undisputed evidence in this case establishes that the total reasonable cost for the repair work properly required to be done upon Diesel Locomotive No. 6911 was $73,349.03. The jury returned a general verdict, for reasons both inscrutable and unexpressed, for NO&NE and against Hewett in the sum of $36,-473.71. NO&NE accordingly contends that the trial court erred in overruling and denying the motion of NO&NE for judgment in the amount of $73,349.03, notwithstanding the verdict; or, in the alternative, in denying the motion of NO&NE for a partial new trial upon the issue of damages only.

Courts have shown an understandable wariness to apply to doctrine of additur, even where the verdict is manifestly and admittedly too small. As Mr. Justice Sutherland observed in Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603 (1935):

" * * * where the verdict is excessive, the practice of substituting a remission of the excess for a new trial is not without plausible support in the view that what remains is included in the verdict along with the unlawful excess—in that sense that it has been found by the jury— and that the remittitur has the effect of merely lopping off an excrescence. But, where the verdict is too small, an increase by the court is a bald addition of something which in no sense can be said to be included in the verdict."

See also Silverman v. Travelers, 277 F.2d 257 (5 Cir. 1960); and cases cited in 6 Moore, Federal Practice, Sec. 59.05, et seq. (2nd ed. 1953).

■ The next point for consideration is the contention of NO&NE that the trial court erred in denying the motion of NO&NE for a new trial solely on the issue of damages, since the jury's verdict was inadequate as a matter of law. It is the opinion of this Court that this motion should have been granted for the reason that the present verdict is not supported by the uncontradicted evidence, and is so inordinate in amount as to be contrary to right reason, and the evidence furnishes no sound basis for the verdict. Cf. Complete Auto Transit Inc. v. Floyd, 249 F.2d 396, (5 Cir. 1958).

Although the granting or refusing of a new trial is recognized as resting within the sound discretion of the trial court, such discretion should be exercised with due regard for what is right and in the interest of justice. Inasmuch as the jury found Hewett liable, and the evidence was uncontradicted as to the damages suffered by NO&NE, it follows logically that the award would necessarily have to be the amount of such undisputed damages.

The judgment entered in favor of Hewett Oil Company and Roy Gordon McCurry and against Southern Railway Company is affirmed.

The judgment entered in favor of New Orleans and Northeastern Railroad Company and against Hewett Oil Company and Roy Gordon McCurry is affirmed as to liability, and reversed and remanded for a new trial on the sole issue of damages.