Radford E. Brown, administrator of the estate of Jimmy Grant Brown (Brown), deceased, and Dorothy Mae Boatwright, administratrix of the estate of Alvin Lancaster (Lancaster) deceased, each filed an action seeking damages for the wrongful death of the respective intestate children as the result of the negligence of defendant Lee Grant Taylor (Taylor) in the operation of a tractor-trailer truck while acting within the line and scope of his employment with defendant AAA Wood Products, Inc. (AAA). The two cases were consolidated for trial and the jury returned a verdict in favor of the defendants in each case. Judgments were entered accordingly. Plaintiffs appeal and we affirm.
 Issues
(1) Did the trial court commit reversible error by: (a) permitting city policeman Wes Etheridge to testify as to the location of the point of impact of the collision and (b) permitting state trooper Charles Dukes to testify as an expert witness?
(2) Did the trial court commit reversible error by submitting to the jury the question of the contributory negligence of the passenger Brown under the facts of this particular case?
(3) Did the trial court deviate from its own pretrial order and thereby commit reversible error?
 Facts
This case involves a collision between an AAA tractor-trailer driven by Taylor and a pickup truck driven by Lancaster in which Brown was a passenger.
Taylor testified the pickup truck was "all the way over" in his lane as his truck entered the curve where the accident occurred. He further testified the pickup attempted to swerve back into his proper lane when the occupants saw his truck; however, the two trucks collided before it could do so. He also testified the driver of the pickup appeared to be "* * * looking off to the left, looking off down across the woods" when he first saw the pickup.
A second AAA tractor-trailer truck was following the one here involved. The driver of this second truck testified, interalia: (1) the pickup truck was in the tractor-trailer's lane of traffic, near the shoulder of the road, before the collision occurred; (2) he saw the two trucks collide; and (3) the collision occurred in the tractor-trailer's lane of traffic.
An accident reconstruction expert who testified for plaintiffs said that, in his opinion, the collision occurred in the pickup truck's lane of traffic. Three police officers, who went to the scene of the collision, testified, as defense witnesses, it was their opinion the impact occurred in the tractor-trailer's lane. Various other witnesses also testified. *Page 786 
At the close of the evidence, the trial judge gave the jury the following instruction:
 "* * * What duty, if any, did the Plaintiff Jimmy Grant Brown have in this case? The person riding in an automobile driven by another, must exercise reasonable or ordinary care to avoid injury, that is to exercise such care as an ordinary prudent person would exercise under like circumstances. The law imposes no duty in the absence of facts suggesting to a reasonably prudent person that there is a necessity to keep a lookout. In the absence of facts suggesting to a reasonably prudent person the necessity of a rider in a vehicle to keep watch, he is under no duty to do so. * * *"
Plaintiffs objected to the above portion of the trial court's oral charge by stating: "We also object to the charge, that portion of the Court's oral charge regarding duty of a lookout, the duty of a passenger as a lookout, for the reason that no facts in this case suggests any such duty on the part of Jimmy Brown."
After the jury returned verdicts in each case for defendants this appeal by plaintiffs ensued.
 Decision I
Plaintiffs contend the trial court erred to reversal by allowing Wes Etheridge, a city police officer, to testify as to the point of impact. They contend there were no facts established upon which Etheridge could properly base an opinion because: (1) he was not the investigating officer; (2) he, in fact, made no investigation; (3) he made no report regarding the accident; and (4) he only observed the situation at the scene of the accident to the extent any layman would. We do not agree with plaintiffs' contentions.
Etheridge is a police officer with sufficient experience in accident investigation to qualify to give an expert opinion as to the location of the point of impact in a motor vehicle accident. He was the first police officer on the scene of the accident, was at the site for approximately two hours, and conducted his own investigation even though he was not the investigating officer. At trial, he identified various skid marks, debris, and other marks on the road where the accident occurred, before giving his opinion as to the point of impact.
In Sharp v. Argo-Collier Truck Lines Corp., 356 So.2d 147 at 149 (Ala. 1978), this court stated that "* * * the admissibility of the substance of his [an expert's] opinion testimony is governed by the rule that opinion testimony as to the location of the point of impact of a collision is proper where the witness first details the facts upon which his conclusion is based." Later in Dyer v. Traeger, 357 So.2d 328
(Ala. 1978), we held the testimony of an expert witness is not binding upon a jury, unless uncontradicted and a subject exclusively within the knowledge of experts, and that an objection to his testimony on the grounds of inadequacy of facts, upon which to base that opinion, goes to the weight of the evidence rather than to its admissibility. In Dyer, a police officer was allowed to give his opinion about the point of impact based solely on the location of some glass fragments.
In this case Etheridge did predicate his opinion regarding the location of the point of impact with the facts upon which his opinion was based. We, therefore, find the trial court did not err in admitting that opinion testimony.
Plaintiffs also contend the trial court erred by permitting state trooper Charles Dukes to testify as an expert witness. We find this contention to be without merit.
Dukes testified: (1) he had been a state trooper for fifteen years; (2) he had the current rank of corporal; (3) he was a line supervisor with ten men under his supervision; (4) he had investigated approximately fifty accidents per year for the past ten years; and (5) he had undergone six weeks of accident investigation training. It is clearly the law in Alabama that the question *Page 787 
of whether a particular witness will be allowed to testify as an expert is largely discretionary with the trial court, and the exercise of that discretion will not be disturbed on appeal except for palpable abuse. Dyer, supra; Sharp, supra; Hagler v.Gilliland, 292 Ala. 262, 292 So.2d 647 (1974). In this case, Dukes gave his opinion as to the point of impact with detail of the facts upon which his opinion was based; clearly this was not a palpable abuse of the trial court's discretion.
 II
Administrator for the Brown estate contends the trial court committed reversible error in that case by giving the quoted jury charge which submitted the issue of Brown's contributory negligence to the jury. We find no error in the giving of that charge.
Negligence of the driver of a motor vehicle cannot be imputed to a passenger unless the passenger has assumed control and direction of the vehicle or has some right to a voice in the control, management, or direction of the vehicle. Gardner v.Dorsey, 331 So.2d 634 (Ala. 1976). It is also true, however, that a person riding in an automobile driven by another is not absolved from all personal care for his own safety, but has the duty of exercising reasonable or ordinary care to avoid injury.Williams v. Pope, 281 Ala. 382, 203 So.2d 105 (1967); Hamiltonv. Browning, 257 Ala. 72, 57 So.2d 530 (1952); King v.Brindley, 255 Ala. 425, 51 So.2d 870 (1951). The duty of the passenger is, therefore not original, with respect to the operation of the vehicle, but is resultant and is brought into effect by known and appreciated circumstances. King, supra. Moreover, no fixed rule can be formulated which will apply to all cases that will determine when the duty arises, what particular circumstances will raise it, or what particular warning or protest will be sufficient to discharge the duty once it has arisen. Id.
It is clear that a mere opportunity to know the danger is not sufficient to invoke the duty in the absence of facts suggesting to the passenger, as a person of ordinary care, there was a necessity to keep watch. Hamilton, supra; King, supra; Proctor v. Coffey, 227 Ala. 318, 149 So. 838 (1933). The duty of the passenger, or guest is said to arise when he should have anticipated the driver of the vehicle will enter the sphere of danger, or omit to exercise due care, not when he has the opportunity to anticipate the danger without anything to direct his attention to a condition requiring him to anticipate the vehicle is about to enter the sphere of danger or requiring him, in the exercise of ordinary care, to keep a lookout.McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508 (1919). With respect to this duty, it can make no difference in principle whether the suit is against a third person, or against the driver who negligently operates the car in which the passenger is riding; the duty of the passenger is the same in either case. McGeever, supra.
In finding the trial court did not err by giving the charge plaintiff Brown complains of, we note the charge stated a correct principle of law regarding Brown's duty of care. Under the facts of this case, we cannot say the charge was abstract. See, generally, Coulter v. Holder, 287 Ala. 642, 254 So.2d 420
(1971). There was evidence to show that both plaintiffs had planned to go hunting and at the time of the collision the truck in which they were riding was traveling on the wrong side of the road with the driver looking off into the woods. This evidence alone was sufficient to create a jury question as to whether the deceased passenger, Brown, had a duty to keep a watch or to give a warning. The issue of contributory negligence is to be determined by the jury, as a general rule, and ordinarily should not be disposed of by the trial court in a peremptory manner. Patterson v. Seibenhener, 273 Ala. 204,137 So.2d 758 (1962).
 III
Plaintiffs contend the trial court committed reversible error by allowing defendants to violate the pretrial order. We find no error, as contended, present.
The pretrial order stated: *Page 788 
 "* * * If any party desires to use expert witnesses, said party shall furnish to the other party on or before 10 days before the trial, the names and addresses of said expert witnesses proposed to be used, together with the qualifications of said expert witnesses. * * *"
The essence of plaintiffs' contention is that they were not specifically notified the three police officers would be called as expert witnesses, nor were they given the qualifications of those officers; therefore, plaintiffs were prejudicially surprised at trial when the officers were called and testified as experts. Assuming, arguendo, the conditions of the pretrial order were violated, any possible error was harmless.
The record discloses that plaintiffs were informed by defendants that the three officers would be called to testify. In fact, plaintiffs notified defendants at one time prior to trial that they, the plaintiffs, would use the three officers as witnesses. Furthermore, plaintiffs did not strictly comply with the pretrial order regarding their own experts. In any event, it is clear plaintiffs were not prejudiced by defendants' failing to strictly adhere to the pretrial order. As noted, any possible error was harmless and reversal would therefore be improper. See Rule 45, ARAP and Rule 61, ARCP.
For the reasons assigned, the judgment is due to be and is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.