393 So.2d 999 (1981)
EMPLOYERS CASUALTY COMPANY, etc.
v.
John G. HAGENDORFER et al.
79-608.
Supreme Court of Alabama.
January 30, 1981.
*1000 Young Dempsey, Spanish Fort, for appellant.
Thomas P. Ollinger, Jr., of Wilkins, Druhan & Wermuth, Mobile, for appellees.
ADAMS, Justice.
This is a suit for wrongful death against John Hagendorfer, the driver of a car involved in a wreck with a motorcycle. Pauline Luckett, a passenger on the motorcycle, was killed in that wreck. Plaintiff insurance company is the subrogee of the administrator of Luckett's estate.
Hagendorfer was driving alone, at night, to a Veterans of Foreign Wars Club, when the accident occurred. He had had one alcoholic drink about three hours before. As he proceeded down the two lane highway, he caught sight of the club, slowed down and proceeded to make a left turn into the club's parking lot. As he made his turn, an oncoming motorcycle, driven by Thomas Spivey, struck the right rear wheel of his car. The point of impact was several feet from the center line in the lane of the oncoming motorcycle. Luckett, riding behind Spivey on the motorcycle's seat, was thrown and killed.
Hagendorfer testified he did not see the oncoming motorcycle and no cars obstructed his view. His testimony indicated the highway rose over a hill in front of the club. Other testimony, including that of a land surveyor, pointed out a slight incline was there, but the view was unobstructed.
A state trooper, who investigated the scene of the accident, testified he had determined the following to be the factors contributing to the wreck. Hagendorfer's inattention and failure to yield the right of way, and Spivey's intoxication. He further testified it was his opinion that Spivey was driving within the legal speed limit of 55 m. p. h.
A blood test taken shortly after the accident indicated that Spivey had .20% ethyl alcohol in his bloodstream. A similar test taken of Hagendorfer indicated that defendant had .04% ethyl alcohol in his bloodstream. Using a standard alcohol absorption rate, a toxicologist computed that the alcoholic content in Hagendorfer's blood at the time of the accident would have been between .05% and .07%.
Plaintiff filed a complaint alleging negligence and wantonness on the part of Hagendorfer in driving his car. Hagendorfer's answer denied these allegations, alleging that Spivey was contributorily negligent and his negligence was imputed to the passenger, Luckett. This affirmative defense did not reach the jury. Two days before trial, Hagendorfer moved to amend his answer to add another affirmative defense designated "assumption of the risk"; this motion was denied by Circuit Judge Wilson Hays. However, after opening arguments at trial, the presiding circuit judge, Honorable Harry J. Wilters, allowed the amended answer. From a jury verdict for defendant, plaintiff appeals.
Plaintiff raises several alleged errors on appeal, primarily taking objection to the *1001 giving of jury charges. We find no reversible error and affirm.
Plaintiff contends the trial court erred by not instructing the jury that Luckett must have assumed the risk of Hagendorfer's negligence rather than Spivey's negligence for the defense of assumption of risk to apply. In other words, that it was not enough that Luckett was aware of Spivey's intoxication, but she must also have been aware of Hagendorfer's careless driving. We have no doubt that a plaintiff must assume the risk created by the defendant for that defendant to have a valid defense of assumption of risk. This is an essential element of that defense. See W. Prosser, Handbook on the Law of Torts, § 68 (4th ed. 1971). However, despite the assumption of risk label used in Hagendorfer's amended answer and the trial court's jury charge, it is clear that the elements of Hagendorfer's affirmative defense comprise a form of contributory negligence closely akin to assumption of risk.[1] Such contributory negligence runs to third persons, e. g., Hagendorfer, regardless of plaintiff's knowledge of the incompetence of those third persons. See Walker v. Bowling, 261 Ala. 46, 72 So.2d 841 (1954); Crouch v. DeLuxe Cab Co., 261 Ala. 239, 73 So.2d 743 (1954). Thus, plaintiff's objection in this regard is without merit.
This variety of contributory negligence arises out of a duty recently described in Brown v. AAA Wood Products, Inc., 380 So.2d 784, 787 (Ala.1980), viz.:
It is also true, however, that a person riding in an automobile driven by another is not absolved from all personal care for his own safety, but has the duty of exercising reasonable or ordinary care to avoid injury. Williams v. Pope, 281 Ala. 382, 203 So.2d 105 (1967); Hamilton v. Browning, 257 Ala. 72, 57 So.2d 530 (1952); King v. Brindley, 255 Ala. 425, 51 So.2d 870 (1951). The duty of the passenger is, therefore not original, with respect to the operation of the vehicle, but is resultant and is brought into effect by known and appreciated circumstances. [Emphasis added.]
The element of "known and appreciated circumstances" that gives rise to the duty of personal care is also a criterion for the assumption of risk defense. That defense requires proof of two essential elements: (1) knowledge and appreciation of the risk, and (2) voluntary exposure to that risk. Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187 (1962). This Court has often recognized the overlapping of these two affirmative defenses in certain fact situations. See Kemp v. Jackson, 274 Ala. 29, 145 So.2d 187 (1962); McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508 (1919). The distinguishing factor in this case, however, is the telltale standard for negligencefailure to exercise reasonable care. The amended answer tracks the essential elements of this form of contributory negligence, viz.:
1. For Defendant's fourth, separate and distinct defense to Counts 1 and 2 of the said Complaint, Defendant alleges that Elaine Pauline Luckett, deceased, *1002 subrogor of the Plaintiff, is guilty of assumption of the risk with respect to the proximate cause of her death and is thereby barred from recovery from the said Defendant.
The decedent had knowledge of a dangerous condition, and with appreciation of such danger, failed to exercise care for her own safety by putting herself in the way of such known danger. [Emphasis added.]
Furthermore, the trial court's jury instruction on this defense incorporates the elements of this variety of contributory negligence, viz.:
The three elements, essential elements to assumption of risk in a case of this kind is that the party charged with assumption of risk had knowledge of the dangerous condition and with appreciation of such danger ... failed to exercise care for her own safety by putting herself in the way of such known danger. [Emphasis added.]
It is apparent from the pleadings, the evidence and the jury instructions that, despite misleading labels applied by the parties and the trial court, the defense of contributory negligence was being tried in this case. The known and appreciated circumstance that gave rise to Luckett's duty of personal care was the intoxication of Spivey, her driver. Such incompetence on the part of the driver gave rise to an identical duty of care in McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508 (1919). As this Court noted in Brown v. AAA Wood Products, Inc., 380 So.2d 784, 787 (Ala.1980), "With respect to this duty, it can make no difference in principle whether the suit is against a third person, or against the driver who negligently operates the car in which the passenger is riding; the duty of the passenger is the same in either case."
Plaintiff asserts other errors in the trial court's instruction on "assumption of risk," basically contending the trial court confused the defenses of contributory negligence and assumption of risk and interchanged their elements. We have already noted the overlapping of these two defenses, from which confusion often arises. No doubt the trial court could have instructed more clearly on this matter. In any event, these errors were not preserved for our review. Rule 51, ARCP, requires a party to state to the trial court the grounds for his objection to a jury instruction. This offers the trial judge an opportunity to correct any error he may have committed. Beloit Corp. v. Harrell, 339 So.2d 992 (Ala.1976). The failure to do so is fatal to appellate review of the alleged error. Louisville & Nashville Railroad Co. v. Garrett, 378 So.2d 668 (Ala.1979). In the instant case, no objection was made to the trial court on the grounds that plaintiff now asserts as error.
Furthermore, this case does not come within the exception to the grounds requirement where the party makes a specific objection to a charge that misstates substantive law. See Louisville & Nashville Railroad Co. v. Garrett. Plaintiff's objection to the charge was a general one, failing to cite which portions of the charge misstated the law. Cf. Gardner v. Dorsey, 331 So.2d 634 (Ala.1976) (Although no grounds were given, plaintiff's objection to the charge specifically cited the portion of the charge objected to, thus putting the trial court on notice as to possible misstatements of the law).
Plaintiff also asserts as error the trial court's allowance of the amended answer after opening arguments. Rule 15(a), ARCP, states, "[S]uch amendments shall be freely allowed when justice so requires." The grant or denial of leave to amend is a matter within the discretion of the trial court and is subject to reversal on appeal only for an abuse of discretion. B & M Homes, Inc. v. Hogan, 376 So.2d 667 (Ala. 1979). We find that the trial court did not abuse its discretion, since plaintiff failed to prove it was prejudiced by the allowance of the amendment. Both Hagendorfer's initial defense of Spivey's contributory negligence imputed to Luckett and his amended defense of Luckett's contributory negligence are based upon the same determinative facts, primarily that of Spivey's intoxication. As this Court recently stated in *1003 Bracy v. Sippial Electric Co., 379 So.2d 582, 584 (Ala.1980):
Where an amendment merely changes the legal theory of a case or adds an additional theory, but the new or additional theory is based upon the same set of facts and those facts have been brought to the attention of the other party by a previous pleading, no prejudice is worked upon the other party.
Having examined the record and having found the issues raised on appeal without merit, we hold the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C. J., and FAULKNER and ALMON, JJ., concur.
EMBRY, J., concurs specially.
EMBRY, Justice (concurring specially):
This case affords an opportunity for me to express views held for thirty-three years duration, concerning what is labeled "assumption of risk." This so-called doctrine or rule is nothing more or less than a mythical device contrived many years ago to deprive industrial workers, and others, from recovery of damages suffered at the hands of others, more often than not in employment on-the-job situations.
It is axiomatic that one does not assume the risk of another's negligence. That being true, then if another be negligent and one is injured as the proximate result of that negligence but nonetheless is barred from recovery because with knowledge of a risk or danger he proceeds to act in the face of it, what indeed bars recovery? Contributory negligence is that which bars recovery, not assumption of risk.
The immediate riposte no doubt will be the ball park hypothetical. The answer: One does not assume the risk of the flying baseballs because one knows that the balls are apt to come in contact with the cranium; it is because the ball park owes no duty to protect against the risks inherent in the nature of the activity taking place at that time, on that occasion.
NOTES
[1] In McGeever v. O'Byrne, 203 Ala. 266, 82 So. 508 (1919), a factually similar case, this Court ignored labels of "assumption of risk" and applied a contributory negligence analysis, noting:

So "as the practical equivalent of the term `contributory negligence' one frequently finds in the cases the expression `assumption of risk.' It is said that one who knows and appreciates a danger `assumes the risk' thereof." 20 R.C.L. 109, § 95.
Practically there can be no serious objection to these uses of the phrase, and "it is often a question of little importance whether a given plea be called one of assumption of risk or a plea of contributory negligence. The more important inquiry is: Are the facts stated in the plea a defense to the cause or causes of action stated in the complaint or declaration?"
203 Ala. at 269, 82 So. 508.
Courts of other jurisdictions have recognized a dual meaning of the term "assumption of risk." See Annot. 82 A.L.R.2d 1218 (1962). In its primary meaning, plaintiff acts reasonably in assuming the risk; this constitutes a denial of defendant's negligence. In its secondary meaning, plaintiff acts un reasonably in assuming the risk; this coincides with the contributory negligence defense. As in McGeever, we find that the term "assumption of risk" was used in this case in its secondary meaning.