SHAW, Justice.
Larry Thomas, the plaintiff below, appeals from a summary judgment in favor of Charles Earnest and Zondra T. Hutto, administrator of the estate of James E. Kimble, deceased, the defendants below, on Thomas’s claims alleging personal injury arising out of a motor-vehicle accident that occurred in Bessemer. For the reasons discussed below, we reverse and remand.

Facts and Procedural History

On the afternoon of June 22, 2004, Thomas was a passenger in the rear seat of a motor vehicle driven by 16-year-old Jeromese Cook. Cook’s mother was riding in the front passenger seat.[1] The vehicle was proceeding on Ray Street in Bessemer; as the vehicle approached the intersection of Ray Street and Fairfax Avenue, Cook stopped at a stop sign. As she was attempting to proceed onto Fairfax Avenue, Cook’s vehicle was struck by a motor vehicle operated by James E. Kim-ble.
Earnest is the owner of real property located at the- corner of Fairfax Avenue and Ray Street. Before the accident, Earnest had entered into a contractual agreement with Darrell Watson pursuant to which Watson had agreed to cut the grass on Earnest’s property. However, it is alleged that, at the time of the accident, vegetation and grass on the lot was tall enough to restrict the view of drivers proceeding into the intersection at Ray Street and Fairfax Avenue.
On November 17, 2005, Thomas filed the underlying complaint asserting claims of negligence and wantonness against Hutto, as administrator of Kimble’s estate;[2] Earnest; Watson; and various fictitiously named defendants. Specifically, as to Earnest, Thomas’s complaint alleged that Earnest “was negligent in his maintenance of the lot” and that drivers could not properly see traffic at the intersection, which, Thomas says, led to the accident. Earnest subsequently filed an answer to Thomas’s complaint admitting his ownership of the subject property but denying that he had been negligent in its maintenance. Earnest’s answer did not assert contributory negligence as an affirmative defense. Hutto filed an answer asserting 10 affirmative defenses to Thomas’s claims, including the defense that Thomas’s own alleged negligence barred his recovery.
Earnest later moved for a summary judgment as to the claims asserted against him. Earnest’s motion was supported by Thomas’s deposition and by numerous affidavits obtained from Thomas’s anticipated witnesses, all of whom professed familiarity with Earnest’s lot and indicated that, on the date of the accident, the grass and *582 vegetation on the lot was high and, as a result, “[a]s you stopped at the [subject] intersection it was difficult to see other traffic traveling on Fairfax Avenue because of the high weeds and grass.” In the brief accompanying his summary-judgment motion, Earnest’s sole contention in support of his request for a summary judgment was as follows:
“Taking the allegations as true as to the height of the weeds, the dangerousness of the intersection and the length of time that it had been in this condition, ... Thomas was guilty of contributory negligence, as a matter of law, by failing to warn ... Cook regarding the limited view because of the height of the weeds.”
Hutto subsequently joined Earnest’s summary-judgment motion.
The trial court entered a summary judgment in favor of Earnest and Hutto on May 14, 2010. Conceding that negligence is ordinarily a jury question, but concluding that, “here, reasonable minds cannot differ,” the trial court stated:
“Larry Thomas knew that you could not see around the weeds (Larry Thomas Depo[.] at 19, Lines 13-14), was familiar with the intersection, he had been there a lot in the past, the grass was high before the accident and the day of the accident and had been that way for quite awhile. Accordingly, the Plaintiff, Larry Thomas, had a duty to warn the driver of the vehicle in which he was a passenger of the danger that was ‘known and appreciated’ by Larry Thomas at such time as the driver of the vehicle ‘entered the sphere of danger.’ Adams v. Coffee County, 596 So.2d 892 (Ala.1992).
“If you could not see around the weeds as Larry Thomas claims (Larry Thomas Depo[.] at 19, Lines 13-14), then Larry Thomas had a duty as a matter of law to warn the driver of the danger that was known to him and had been known to him for sometime. If the weeds were such that the obstruction created by them could not be seen around, then the vehicle in which [Thomas] was a passenger should never have pulled from a stopped position into the intersection where the collision occurred.
“Based on the facts of this case, it would appear that Larry Thomas had a duty not only to warn the driver, but to direct the driver to take another route and avoid the route which was dangerous to the extent Larry Thomas claims. This order does not hinge on the additional duty to direct the driver of the known danger.
“[Thomas’s] testimony confirms his knowledge and appreciation of the danger, that he made no effort to warn the driver of the danger and that ... nothing prevented [Thomas] from fulfilling his duty to make known to the driver the danger when the vehicle entered the ‘sphere of danger.’
“Taking the allegations as true as to the height of the weeds, [Thomas’s] knowledge of the dangerousness of the intersection and the length of time that it had been in this condition, Larry Thomas was guilty of contributory negligence, as a matter of law, by failing to warn the driver, Jeromese Cook, regarding the limited view created by the presence and height of the weeds.”
Following the trial court’s entry of the foregoing order, Thomas, on June 25, 2010, filed a timely notice of appeal.[3]

*583
Standard of Review

“ ‘ “This Court’s review of a summary judgment is de novo. Williams v. State Farm Mut. Auto. Ins. Co., 886 So.2d 72, 74 (Ala.2003). We apply the same standard of review as the trial court applied. Specifically, we must determine whether the movant has made a prima facie showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Blue Cross & Blue Shield of Alabama v. Hodurski, 899 So.2d 949, 952-53 (Ala.2004). In making such a determination, we must review the evidence in the light most favorable to the nonmovant. Wilson v. Brown, 496 So.2d 756, 758 (Ala.1986). Once the movant makes a pri-ma facie showing that there is no genuine issue of material fact, the burden then shifts to the nonmovant to produce ‘substantial evidence’ as to the existence of a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989); Ala.Code 1975, §.12-21-12. ‘[Substantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ West v. Founders Life Assur. Co. of Fla., 547 So.2d 870, 871 (Ala.1989).” ’
“Prince v. Poole, 935 So.2d 431, 442 (Ala.2006) (quoting Dow v. Alabama Democratic Party, 897 So.2d 1035, 1038-39 (Ala.2004)).”
Brown v. W.P. Media, Inc., 17 So.3d 1167, 1169 (Ala.2009).

Discussion

I.

On appeal, Thomas initially contends that Earnest waived the right to assert the affirmative defense of contributory negligence by failing to include it in his answer. Thomas further argues that, even assuming Earnest could properly assert the doctrine of contributory negligence as a defense to Thomas’s claims, there were remaining questions of material fact that, Thomas says, prevented the trial court’s entry of a summary judgment in Earnest’s and Hutto’s favor.
It is generally true that a party’s failure to include an affirmative defense in its answer constitutes a waiver of that defense; however, this rule is not without exception.
“Regarding affirmative defenses, this Court has said:
“ ‘Once an answer is filed, if an affirmative defense is not pleaded, it is waived. Robinson v. [Morse ], 352 So.2d 1355, 1357 (Ala.1977). The defense may be revived if the adverse party offers no objection (Bechtel v. Crown [Central ] Petroleum Corp., 451 So.2d 793, 796 (Ala.1984)); or if the party who should have pleaded it is allowed to amend his pleading (Piersol v. ITT [Phillips ] Drill Division, Inc., 445 So.2d 559, 561 (Ala.1984)); or if the defense appears on the face of the complaint (cf., Sims v. Lewis, 374 So.2d 298, 302 (Ala.1979); and Williams v. McMillan, 352 So.2d 1347, 1349 (Ala.1977)). See, also, 2A J. Moore, Federal Practice § 8.27[3] at 8-251 (3d ed. 1984)....’
*584 “Wallace v. Alabama Ass’n of Classified School Employees, 463 So.2d 135, 136-37 (Ala.1984)....”
Pinigis v. Regions Bank, 942 So.2d 841, 846-47 (Ala.2006) (emphasis added).
It is undisputed that contributory negligence is an affirmative defense that must be pleaded, see Rule 8(c), Ala. R. Civ. P., and that Earnest failed to plead contributory negligence in his answer. However, as Earnest points out in his brief to this Court, it appears from the record that Thomas never objected to Earnest’s introduction of the defense in his summary-judgment motion or argued that the defense had been waived. Thus, as stated in Pinigis, Thomas’s failure to object allowed the defense to be “revived.” Further, Thomas may not raise his objection to the assertion of the defense for the first time on appeal. Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” (citing Rodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C., 580 So.2d 1326 (Ala.1991))).

II.

Thomas also argues that the evidence before the trial court created a factual question as to whether Thomas was indeed contributorily negligent and that summary judgment was thus inappropriate. We agree.
Earnest, Hutto, and the trial court are all correct that Alabama law may impose a duty of care on a gratuitous passenger:
“It is well established in Alabama that a gratuitous automobile passenger is not absolved of all personal care for his own safety, but is under a duty of exercising reasonable or ordinary care to avoid injury, such care as would be exercised by an ordinarily prudent person under like circumstances, and generally is chargeable with contributory negligence barring a recovery, if his failure to exercise such care contributes proximately to his injuries. E.g., Moore v. L. & N. R.R., 223 F.2d 214 (5th Cir.1955); Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168 (1959); Utility Trailer Works v. Phillips, 249 Ala. 61, 29 So.2d 289 (1946). This duty exists even though the passenger is not chargeable with the driver’s negligence. Coulter v. Holder, 287 Ala. 642, 254 So.2d 420 (1971). The obligation to exercise reasonable care for one’s own safety exists independent of the imputation principle. See Proctor v. Coffey, 227 Ala. 318, 149 So. 838 (1933). Passenger negligence does not require that the passenger have authority or control over the movement of the car in which he was a passenger. Passenger’s duty to use due care for his own safety is not affected by the question of agency or pursuit of joint enterprise. McGeever v. O’Byrne, 203 Ala. 266, 82 So. 508 (1919).
“When a driver is negligent, reckless or incompetent, and this is known to the guest, the duty of due care on the part of the guest arises. Williams v. Pope, 281 Ala. 382, 203 So.2d 105 (1967).”
Hamilton v. Kinsey, 337 So.2d 344, 345-46 (Ala.1976).
However, contrary to Earnest’s argument in his brief to this Court, the law regarding a gratuitous passenger’s duty does not necessarily support a finding that “[a] rear seated automobile passenger is guilty of contributory negligence, as a matter of law, if he fails to warn the driver of the vehicle in which he was riding, of a known and appreciated danger which prox *585 imately causes his injuries and damages.” (Earnest’s brief, at p. 9.) Instead,
“[t]he duty of the passenger is ... not original, with respect to the operation of the vehicle, but is resultant and is brought into effect by known and appreciated circumstances. Moreover, no fixed rule can be formulated which will apply to all cases that will determine when the duty arises, what particular circumstances will raise it, or what particular warning or protest will be sufficient to discharge the duty once it has arisen.”
Brown v. AAA Wood Prods., Inc., 380 So.2d 784, 787 (Ala.1980) (citation omitted). See also Aplin v. Tew, 839 So.2d 635, 638 (Ala.2002) (“To establish contributory negligence as a matter of law, a defendant must show that the plaintiff put himself in danger’s way and that the plaintiff had a conscious appreciation of the danger at the moment the incident causing the injury occurred.”).
Although, as noted above, the trial court ostensibly relied on this Court’s decision in Adams v. Coffee County, 596 So.2d 892 (Ala.1992), in reaching the conclusion that, based on his knowledge and conduct at the time of the accident, Thomas was contribu-torily negligent as a matter of law, it is difficult to discern how Adams supports such a finding. Adams arose from a motor-vehicle accident at an intersection that resulted in injury to Adams, a passenger in one of the vehicles. Adams later sued Coffee County, alleging that the County’s negligent maintenance of traffic-control devices, including a stop sign and “a hazard board” placed at the intersection, had caused the accident. 596 So.2d at 894. More specifically, Adams contended that the County had been aware before the accident that the devices were in disrepair. Id. Adams appealed to this Court from the denial of her motion seeking a directed verdict[4] as to allegations of contributory negligence, which were predicated on the fact that, immediately before the accident, Adams, who was providing the driver of her vehicle with travel directions, had traveled through the intersection and was thus aware that the devices “were down” but had failed to so inform or warn the driver. 596 So.2d at 895.
With regard to the passenger-negligence issue, Adams stated:
“In order to impute the negligence of the driver of an automobile to a passenger, the passenger must have had some authority or control over the car’s movement, such as some right to a voice in the management or direction of the automobile. Banks v. Harbin, 500 So.2d 1027 (Ala.1986); Brown v. AAA Wood Products, Inc., 380 So.2d 784 (Ala.1980). A passenger is not relieved from all personal care for his or her own safety, but instead has the duty to exercise reasonable care to prevent injury. Brown, at 787.
“Therefore, the duty of the passenger is not original with respect to the operation of the automobile, ‘but is resultant and is brought into effect by known and appreciated circumstances.’ The duty arises when the passenger ‘should [anticipate that] the driver of the vehicle will enter the sphere of danger, or omit to exercise due care, not when he has the opportunity to anticipate the danger without anything to direct his attention to a condition requiring him to anticipate the vehicle is about to enter the sphere of danger or requiring him, in the exercise of ordinary care, to keep a lookout.’ Id.”
596 So.2d at 895 (emphasis added).
Applying the foregoing rule to Adams’s conduct, the Court concluded that there *586 was a factual question presented as to whether Adams was contributorily negligent at the time of the accident:
“Under the facts of this case, the trial court properly submitted the question of Adams’s contributory negligence to the jury. The jury could have reasonably concluded that Adams maintained a voice in the control and direction of the car because she was giving directions to [the driver]. Also, because the accident did not occur until the return trip from Adams’s house, it was reasonable for the jury to find that Adams had the opportunity to anticipate that [the driver] would be entering the sphere of danger because she noticed, on the way to her house, that the signs were down, and that Adams, in using ordinary care, should have kept a lookout. See Brown [v. AAA Wood Prods., Inc., 380 So.2d 784 (Ala.1980) ].”
596 So.2d at 895. See also Brown, 380 So.2d at 787 (evidence demonstrating that “both plaintiffs had planned to go hunting and at the time of the collision the truck in which they were riding was traveling on the wrong side of the road with the driver looking off into the woods” was sufficient to create a jury question as to whether the deceased passenger had been contribu-torily negligent).
Here, reviewing the evidence, as we must, in the light most favorable to Thomas as the nonmovant, we conclude that a summary judgment was inappropriate in this case. Instead, we conclude, as we did in Adams, that the evidence before the trial court in this case was sufficient to create a jury question as to whether Thomas’s conduct rendered him contribu-torily negligent. See Wyser v. Ray Sumlin Constr. Co., 680 So.2d 235, 238 (Ala.1996) (“A defendant relying on the defense of contributory negligence has the burden of proving facts supporting that defense, and it is only when the facts are such that all reasonable men must draw the same conclusion that contributory negligence is ever a question of law for the court.” (citing Marquis v. Marquis, 480 So.2d 1213 (Ala.1985))); Barnett v. Norfolk S. Ry., 671 So.2d 718, 720 (Ala.Civ.App.1995) (“ ‘Even where the evidence does not conflict, the question whether a person has exercised due care is still normally a question of fact for the jury to determine.’ ” (quoting Adams, 596 So.2d at 895)).
First, the record contains no testimony demonstrating that Cook’s view of the intersection was actually blocked by the vegetation and grass on Earnest’s lot.[5] Thomas testified that the grass was “high,” but he indicated that he had no car and had not driven for a while before the accident and that he could not remember the last time he had driven at all. Thomas could not testify as to what Cook saw as she entered the intersection or whether the vegetation and grass blocked her vision.
Further, there is nothing to indicate that Cook did not recognize any alleged danger presented by the tall vegetation and grass on Earnest’s lot. Specifically, Thomas testified that, while waiting to proceed into the roadway, Cook “was looking” and that “[s]he looked both ways.” Later in Thomas’s deposition, the following exchange occurred:
“[Earnest’s counsel]: So let me be clear on this. You didn’t say anything *587 to [Cook] before she pulled out to look out or you can’t see around those weeds or anything to that effect.
“[Thomas]: No.
“[Earnest’s counsel]: Did anything prevent you from making such a statement to her?
“[Thomas]: Only because she was driving, and she was taking safety measures. She looked both ways, so I thought she knew whether she was ready to go or not.”
The foregoing testimony by Thomas demonstrates that Cook appeared to be taking — not failing to take — all necessary safety precautions; thus, the evidence could indicate that there was no known or appreciated circumstance that should have led Thomas to anticipate that Cook was entering a “ ‘sphere of danger,’ ” see Adams, 596 So.2d at 895, or that, in exercising ordinary care, he should have been keeping an additional lookout or exercising care above and beyond the care Cook appeared to be taking. In other words, the jury could conclude from the facts that Cook also recognized any alleged danger in the overgrowth; thus, no warning or action on Thomas’s part was necessary. Moreover, there was nothing before the trial court to indicate that Thomas was either directing Cook’s actions or that he was in a position to exert any type of control over her vehicle or its movement. That fact is especially apparent since, according to Thomas, Cook was driving under the direct supervision of her mother, who was a passenger in the car.
Under the unique facts of this case— that the driver appeared to be exercising appropriate care and was under the apparent supervision of someone other than Thomas — reasonable jurors could disagree as to whether there was a danger that Thomas should have recognized and directed Cook’s attention to. There were, therefore, remaining factual issues as to the issue of Thomas’s alleged contributory negligence, which would be more appropriately resolved by a jury, and which made summary judgment inappropriate under the facts of this case. Based on the foregoing, and because we conclude that the trial court erred in finding Thomas eon-tributorily negligent as a matter of law, we reverse the trial court’s summary judgment for Earnest and Hutto and remand the case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
COBB, C.J., and STUART, PARKER, and WISE, JJ., concur.

. Cook is not a party to the present action.

. As best we are able to discern from the record, Kimble’s death appears to have been unrelated to the motor-vehicle accident.

. Because our review of the record revealed that Thomas’s claims against Watson had not been adjudicated by the summary judgment and that Thomas’s appeal was, therefore, from a nonfinal judgment, on January 12, 2011, we remanded this case with instruc *583 tions for the trial court to make its judgment final pursuant to Rule 54(b), Ala. R. Civ. P., or to adjudicate the claims that remained pending against Watson. In response, and based upon the motion of Thomas, the trial court entered an order dismissing Watson as a defendant, thereby making the summary judgment final.

. Rule 50(a), Ala. R. Civ. P., as amended effective October 1, 1995, renamed the "motion for a directed verdict” as a "motion for a judgment as a matter of law.”

. There is an assertion in a brief filed in support of the motion for a summary judgment that Cook told an officer responding to the accident that she could not see vehicles entering the intersection from Fairfax Avenue; however, assertions in motions do not constitute evidence. Carver v. Foster, 928 So.2d 1017, 1025 (Ala.2005), Jackson v. State Farm Fire & Cas. Co., 999 So.2d 499, 502 (Ala.Civ.App.2008).