Charles H. Willis filed suit against Burbic Contracting Company to recover damages for work and labor performed by Willis for the benefit of Burbic Contracting Company. Burbic then filed its answer denying any indebtedness to the plaintiff and, at the same time, filed a third-party complaint against James W. Wells claiming from him any amounts found to be due by it to plaintiff Willis.
Wells, the third-party defendant, filed an answer denying every allegation made by Burbic and denying liability on the ground that he was an employee of Burbic Contracting Company as a foreman with the authority to hire and fire, contract for labor and materials, and handle all matters necessary to complete a sewer contract awarded to Burbic by the City of Demopolis.
The case was tried before a judge who, after hearing all the evidence, entered a judgment including findings of fact and conclusions of law as follows:
 (1) The Plaintiff, Charles H. Willis, performed work at the request of James W. Wells for the use and benefit of Burbic Contracting Company, Inc.
 (2) The Third-Party Defendant, James W. Wells, was employed by Burbic Contracting Company, Inc. as foreman on the sewer construction contract in Demopolis, Alabama. Mr. Wells, as foreman and job superintendent, had the authority to hire individuals, contract for labor and material and perform all matters instant to the completion of the sewer contract in Demopolis, Alabama.
 (3) Mr. Charles W. Willis performed work and labor for the benefit of Burbic Construction Company, Inc., and there is presently a balance due and owing from Burbic in the principal amount of $11,134.50 due from the 19th day of May, 1978. The work performed by Charles H. Willis was of a satisfactory and competent nature in all regards.
 (4) The Defendants, Burbic Contracting Company, Inc. and James W. Wells, entered into an agreement on the 1st day of February, 1978, wherein Burbic was to pay Mr. Wells certain sums of money for the completion of the project in Demopolis, Alabama. The money paid pursuant to this agreement was to be a bonus to Mr. Wells upon the final completion of the project.
 (5) Mr. Wells, while doing business as W.W. Construction Company, was due from Burbic on June 26, 1978, the sum of $2,928.75 as evidenced by their final estimate on that said date. Other sums of money expended by Burbic Contracting Company, Inc. to complete the project in Demopolis, Alabama have not been proven to the satisfaction of the Court that same were necessary and that same were due to be deducted from the total due Mr. Wells.
 It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Plaintiff, Charles H. Willis, have *Page 421 
and recover of the Defendant, Burbic Contracting Company, Inc., the sum of $11,134.50, together with legal interest from the 19th day of May, 1978 and all Court costs in this cause created for which execution may issue.
Burbic appealed.
The only issue presented for review in this Court is: Was there evidence from which the trial court could conclude that James Wells was employed by Burbic Contracting Company as a foreman and job superintendent with the authority to hire, contract for labor and materials, and to oversee other matters necessary to complete the contract involved? Stated differently, did the trial court err, under the evidence, in not finding that James Wells was acting as an independent contractor?
We affirm.
There is evidence in the record that shows that Mr. Wells was carried on the company payroll of Burbic and that he performed as a foreman on the job site and that, as foreman, he had certain authority, including running the project in Demopolis.
There was some evidence to the effect that Mr. Wells was carried on the company payroll for purposes of avoiding bureaucratic red tape, but there was also abundant evidence to support a conclusion that he was an employee of Burbic.
This Court has, for many years, followed the rule stated inBirmingham Post Company v. Sturgeon, 227 Ala. 162, 149 So. 74
(1933):
 "It is not possible to lay down a hard and fast rule or state definite facts by which the status of men working and contracting together can be definitely defined in all cases as employee or independent contractor. Each case must depend on its own facts. Ordinarily, no one feature of the relation is determinative, but all must be considered together." 1 Honnold on Workmen's Compensation, § 66.
Birmingham Post Company v. Sturgeon, 227 Ala. at 165,149 So. at 76. Hodges and Company v. Albrecht, 288 Ala. 281,259 So.2d 829 (1972).
As has so often been stated where a trial court decides a factual issue on conflicting evidence, this Court will not reverse unless there is no evidence to support the factual determination so made. This is not such a case.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.