SHORES, Justice.
This case involves a dirt bike accident in Dale County, Alabama. David Ray Brown appeals from a judgment based on a jury verdict in favor of the defendants, Dudley Carver and the Plying Wheels Motorcross Club (“Flying Wheels”). We affirm.
This action was filed by Brown and his former wife, Vicki Lynn Brown, on December 11, 1985, against Plying Wheels and against Carver individually and as president of Plying Wheels, to recover damages based on injury and loss the Browns sustained as a result of an August 18, 1985, dirt bike accident at the United States Army installation at Ft. Rucker, Alabama. Brown claimed personal injuries and his wife claimed loss of consortium.
On August 18, 1985, Brown was a spectator at “motorcross” and “hare scramble” races sponsored by Flying Wheels.[1] The races were conducted on land located on the Ft. Rucker installation. Brown left the spectator area on a dirt bike traveling the wrong way on the hare scramble course and collided with Joe Hidalgo, a hare scramble participant. Brown was injured and Hidalgo was killed.
The Browns asserted in their complaint that the accident was caused because the defendants negligently and/or wantonly failed to warn spectators, passersby, and others present of the dangers, perils, and hazards at the racing site. Flying Wheels and Carver answered on January 30, 1986, with a general denial of all claims and an assertion of contributory negligence. The Browns amended their complaint on August 23, 1988, to specifically describe the compensatory and punitive damages sought in the action.
The jury returned a verdict on September 1, 1988, for defendant Flying Wheels. The court had entered a directed verdict for Carver. The Browns appealed from the resulting judgment; this Court reversed and remanded by an opinion dated June 22, 1990, Brown v. Flying Wheels Motorcross Club, 569 So.2d 313 (Ala.1990). In reversing, we held that: (1) a question of fact regarding the club officer’s responsibility for safety was for the jury, and (2) the duty of the motorcycle club officer and the duty of the club itself were so closely intertwined that a reversal for a new trial of the claim against the officer mandated a new trial of the claim against the club as well. The action was reinstated on the trial docket on July 30, 1990. The trial was continued due to Carver’s participation in the “Desert Storm” military operation in January 1991.
On August 26, 1991, on motion of the wife, the court dismissed the wife’s claims. On Brown’s motion, the court on August 26, 1991, dismissed all of Brown’s claims of *601 simple negligence. The second trial of this action began on August 26, 1991. The trial court entered a judgment on August 30, 1991, on jury verdicts in favor of Carver and Flying Wheels. Brown appealed.
The sole issue on appeal is whether the trial court erred in giving certain jury charges that Brown contends injected contributory negligence as a defense into his case, which was tried solely on claims of wantonness, his negligence claims having been dismissed.
Brown complains of the following charges, which the defendants requested and which the trial judge gave:
REQUESTED JURY CHARGE 11
“The duty to keep premises safe for invitee applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, and if they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal and ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to remove known or obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care.”
REQUESTED JURY CHARGE 17
“I charge you that David Brown was under a continuing duty to exercise reasonable care for his own safety.”
REQUESTED JURY CHARGE 18
“I charge you that Dudley Carver and the Flying Wheels Motorcross Club had the right to presume that David Brown would not place himself in a place of peril, and I further charge you that Dudley Carver and the Flying Wheels Motor-cross Club had the right to indulge this assumption up until the time it became reasonably apparent to them, or should have been reasonably apparent to them, acting as reasonably prudent people, that David Brown was not going to so conduct himself.”
REQUESTED JURY CHARGE 19
“I charge you that Dudley Carver and the Flying Wheels Motorcross Club were not required to anticipate either negligent or reckless conduct on the part of David Brown in the absence of indications to the contrary.”
On appeal, we must view the entire charge to determine if there is reversible error. Wright v. Rowland, 406 So.2d 830 (Ala.1981); Price v. Jacobs, 387 So.2d 172 (Ala.1980).
The charges, taken as a whole, instructed the jury that Brown’s own contributory negligence and the defense of assumption of the risk were not defenses to claims alleging wanton conduct. The court instructed the jury as follows:
“THE COURT: Bring in the jury. Ladies and gentlemen of the jury, it probably would be better for me at this stage of the trial of the case and of course with the permission of the attorneys for the plaintiff and the defendant, for me to give you a legal definition of certain things which are a part of this case, and tell you that there are certain things that are not a part of this case. As this case is tried before you yesterday afternoon and today, there may have been some mention of negligence or contributory negligence or assumption of risk by the attorneys, or some inferences in the questions. That’s not involved in this case. In this case, the plaintiff is saying that this defendant, or defendants, that is both defendants, are guilty of wanton negligence. Contributory negligence on his part is not a defense to wanton negligence, nor is assumption of risk a defense to wanton negligence. Wanton negligence is defined in the law as follows: Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious [that] from the doing of such act or omission of such duty, an injury will likely or probably result.
“Before a party can be said to be guilty of wanton conduct it must be shown that with reckless indifference to the consequences he consciously or intentionally did some wrongful act or con *602 sciously omitted some known duty which produced the injury.
“That is the legal definition of wantonness. This cause is not about simple negligence but about wanton negligence. It is not about contributory negligence or assumption of risk, it merely says that the plaintiff must prove to you twelve jurors by a preponderance of the evidence ... that the defendants were guilty of wanton negligence.”
In its final charges, the court again instructed the jury that contributory negligence and assumption of risk were not defenses to claims of wanton conduct:
“I will tell you further, ladies and gentlemen of the jury, that contributory negligence is not a defense to wantoness. If you find the defendants were guilty of wanton conduct, then you must find in favor of the plaintiff.”
In reviewing the charge as a whole, we find no reversible error. Accordingly, the judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ„ concur.

. Two types of races were run by Flying Wheels. "Motorcross races" were run over a closed course and "hare races" were run over an 11- to 12-mile course through the woods. The races were run by contestants riding dirt bikes, motorcycles intended for unpaved courses.