B.C. Curry and Bessie Curry appeal from a summary judgment in favor of the defendants, Welborn Transport, Bobby Joe Rose, Gloria Rose, and Bryan Keith Rose on the Currys' negligence claim.
The record shows the following: A wrecker company called Curry to assist cleaning up the road after a tractor-trailer that was carrying cargo for Welborn Transport ran off the road and overturned, spilling a load of asphalt shingles. The truck's driver, Bryan Keith Rose, had a blood alcohol content of .202% at the time of the accident, which occurred at approximately 4:30 a.m. Curry arrived at the scene of the accident at approximately 5:30 p.m. Curry maintains that, while loading the shingles on his truck, he was overwhelmed by the fumes from diesel fuel mixed with the shingles and became ill *Page 160 
as a result. He rested at the cleanup site, and then someone drove him home, where he rested for a while longer. A few hours later, Curry returned to get his truck and attempted to drive it home. He claims that the fumes caused him to become nauseated again while driving home, and that when he stopped his truck on the side of the road and attempted to get out, he fell and injured his shoulder. Curry's wife took him to a hospital, where he was examined and diagnosed as suffering from "vertigo with nausea and vomiting, probably due to accidental inhalation of diesel fumes." An x-ray of his right shoulder showed "no significant abnormality." Curry was released from the hospital three days later.
Curry and his wife, Bessie, sued Welborn Transport, alleging negligence, wantonness, and nuisance and seeking damages for his personal injuries and consequential loss, including loss of consortium for Bessie. The complaint alleged that Bryan Keith Rose was an agent of Welborn and that he had negligently operated the tractor-trailer and had thus caused injury to Curry. The Currys amended their complaint to add Bobby Joe Rose, Gloria Rose, and Bryan Keith Rose as defendants. Bobby Joe and Gloria were the owners of the tractor-trailer, which they had leased to Welborn. Welborn and the Roses made separate motions for summary judgment. The trial court granted both motions. The Currys appealed to the Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala. Code 1975. Their brief argues only the viability of the negligence claim; and we will address only that claim.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala.R.Civ.P.; Bussey v. JohnDeere Co., 531 So.2d 860, 862 (Ala. 1988). The party moving for a summary judgment must present, in support of its motion, evidence that would be admissible at trial. Rule 56(e), Ala.R.Civ.P. When the moving party makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmoving party to rebut the showing by presenting substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County,538 So.2d 794, 797-98 (Ala. 1989). Evidence is "substantial" if it is "of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. FoundersLife Assurance Co. of Florida, 547 So.2d 870 (Ala. 1989). On review of the trial court's judgment, we are required to view the record in a light most favorable to the nonmovant, and will resolve all reasonable doubts in favor of the nonmovant.Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala. 1990).
A summary judgment on the issue of agency is generally inappropriate because the existence of an agency relationship is generally a question of fact to be determined by the trier of fact. Carlton v. Alabama Dairy Queen, Inc., 529 So.2d 921,923 (Ala. 1988); Malmberg v. American Honda Motor Co.,644 So.2d 888, 890 (Ala. 1994). The test for determining whether an agency relationship exists under the doctrine of respondeat superior is whether the alleged principal has control over the manner of the alleged agent's performance. Carlton, supra, at 923. When, as here, a defendant's liability is based on agency, agency may not be presumed, but evidence of agency must be presented in response to the defendant's properly supported summary judgment. Id.
Welborn Transport and Bobby Joe and Gloria Rose argue that they were his not employer. However, on appeal, the Currys argue only that the dispute in the evidence creates a genuine issue of fact as to whether Welborn was Bryan's employer, and whether, therefore, Bryan was Welborn's agent. Because the Currys do not assert that Bobby Joe and Gloria Rose were Bryan's employers, the summary judgment as to Bobby Joe and Gloria Rose is affirmed.
Welborn asserts that Bryan Rose was not its employee or agent, but that he was the employee of Bobby Joe and Gloria Rose, who, Welborn says, were independent contractors. In support of this assertion, Welborn points to a document entitled "Acknowledgement regarding worker's compensation coverage and employment taxes," which was *Page 161 
signed by Bryan Rose and which stated that he was the employee of Gloria Rose and not of Welborn Transport. Welborn also offers a provision from the lease agreement for the tractor-trailer truck, which states that Bobby Joe and Gloria Rose were to "have the sole responsibility for hiring or supplying drivers who operate the Equipment."
To rebut this evidence, the Currys offer a number of documents that purport to name Welborn as Bryan's employer, such as an application for employment, a pre-employment urinalysis consent agreement, employment eligibility verification, request for check of driving record, record and certificate of road test, etc. Furthermore, the bill of lading for the cargo that Bryan was transporting when the accident occurred name Welborn Transport as the carrier.
We note that agency is to be determined from the facts, and not by how the parties characterize their relationship.Ragsdale v. Life Ins. Co. of North America, 632 So.2d 465, 468
(Ala. 1994); Butler v. Aetna Finance Co., 587 So.2d 308, 310-11
(Ala. 1991). "If the facts establish the relationship of principal and agent, the intention of the parties is immaterial, and the character of the relationship is not affected by an agreement between the parties that an agency does not exist, or that some other relation does exist."Ragsdale, supra, at 468 (quoting Semo Aviation, Inc. v.Southeastern Airways, 360 So.2d 936, 940 (Ala. 1978)). Based on the evidence contained in the record, we believe that there exists a genuine issue of material fact as to whether Bryan Rose was Welborn's agent, and we conclude that that issue should properly be resolved by the trier of fact.
Furthermore, the presence or absence of negligence is generally a question for a jury to determine; thus, a summary judgment is rarely appropriate in a negligence case.Beddingfield v. Central Bank of Alabama, N.A., 440 So.2d 1051,1053 (Ala. 1983). Findings on issues of negligence and contributory negligence turn on the unique facts of each case,Lowe's Home Centers, Inc. v. Laxson, 655 So.2d 943, 945 (Ala. 1994), and should not ordinarily be disposed of by the trial court in a peremptory manner. Brown v. AAA Wood Products, Inc.,380 So.2d 784, 787 (Ala. 1980). Likewise, the existence of proximate cause is usually an issue to be resolved by a jury.Davison v. Mobile Infirmary, 456 So.2d 14, 24 (Ala. 1984). Where the evidence is such that fair-minded persons, in the exercise of impartial judgment, could differ in their finding as to whether there existed negligence that caused injury, the case should be submitted to a jury to determine legal liability. Lowe's, supra, at 945-46. We note that the evidence showed that Bryan Rose was driving with a blood alcohol content of .202%. Additionally, the medical records presented as evidence corroborate Curry's opinion that he became ill as a result of inhaling diesel fumes, and they indicate that he may have suffered a sprained shoulder. We conclude, after reviewing the record in the light most favorable to the Currys, that reasonable people could determine that Bryan was negligent, and that his negligence caused Curry's injury.
For the above-stated reasons, the summary judgment in favor of Welborn Transport and Bryan Keith Rose on the Currys' negligence claim is reversed and the cause is remanded for proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.