WRIGHT, Retired Appellate Judge.
Jack Roberts and Donna Roberts filed a complaint in the Dale County Circuit Court against Mikie Walding, Sr., Mikie Walding, Jr., Janet Walding, and Mikie Walding Construction Company. The Robertses alleged that they had entered into a contract with Mikie Walding, Jr. (builder), and/or Mikie Walding Construction Company (the Company) to purchase a newly constructed house and that the builder and/or the Company had breached the contract by selling them a defective house. The Robertses also asserted claims of misrepresentation, fraudulent misrepresentation, and intentional misrepresentation concerning statements made regarding the construction of the house.
Mikie Walding, Sr., and the Company filed a motion for a summary judgment, along with supporting affidavits and documents. The Robertses filed the affidavit of Mr. Roberts. Following a hearing, the trial court granted Mikie Walding, Sr., and the Company’s summary judgment motion and entered an order in their favor. Thereafter, the trial court made the order final and appealable, pursuant to Rule 54(b), Ala. R. Civ. P.
The Robertses appeal, raising one issue: whether the trial court erred in entering a summary judgment in favor of Mikie Wald-ing, Sr., and the Company. This case is before this court pursuant to § 12-2-7(6), Ala. Code 1975.
A motion for a summary judgment may be' granted when no genuine issue of a material fact exists and the moving party is entitled to a judgment as a matter of law. Hand v. Greensprings Storage, 678 So.2d 1187 (Ala.Civ.App.1996). If the moving party makes a prima facie showing that no genuine issue of a material fact exists and that it is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence demonstrating the existence of a genuine issue of a material fact. Id.
The record reveals the following pertinent facts: The Robertses signed a written option with the builder and Janet Walding to purchase real property and a new house. To exercise the option, the Robertses were required to deliver to the Company a written notice of the exercise of the option. Mikie Walding, Sr., owns the Company. The Rob-ertses exercised the option. The settlement statement and deed to the property and the house were executed by the builder and Janet Walding, as the sellers.
After the Robertses moved into the new house, they discovered latent defects in the foundation and masonry; faulty site, soil, and foundation preparation; faulty construction; and faulty installation and/or placement of the septic tank and water lines.
Mikie Walding, Sr., testified by affidavit that neither he nor the Company had anything to do with the construction of the house. He stated that the builder constructed and sold the house and that neither he nor his employees had anything to do with the construction. Mikie Walding, Sr., also stated that he built houses under the Company’s name.
Mr. Roberts testified by affidavit that he and his wife wanted to build a house and went to the Company regarding the construction of a house. He testified that the employees of the Company prepared and transmitted the Robertses’ credit application to Farmer’s Home to obtain the financing for the construction of a house. Mr. Roberts further stated that he and his wife got the architectural plans for their home from the Company and that any changes they made in the plans they communicated to Barbara Walding, Mikie Walding, Sr.’s, wife, at the Company’s offices. The Robertses’ house *243 plans have the Company’s name on them. Mr. Roberts also stated that they were told that the Company was building their house and that when a problem arose during the construction of the house, they contacted the builder at the Company’s offices.
We note that an agency relationship is to be determined from the facts of each case, and not how the parties characterize their relationship. Curry v. Welborn Transport, 678 So.2d 158 (Ala.Civ.App.1996).
Based upon our review of the evidence, we conclude that there is a genuine issue of material fact as to whether the builder was the agent of Mikie Walding, Sr., and the Company and that the trial court erred in entering a summary judgment in favor Mikie Walding, Sr., and the Company.
Therefore, we reverse the summary judgment entered in favor Mikie Walding, Sr., and the Company and remand this ease to the trial court for further proceedings.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED.
All the judges concur.