ENGLAND, Justice
(dissenting).
The plaintiff, Willie Sharpe III, appeals from a summary judgment entered by the Jefferson- County Circuit Court in favor of the defendants AMF Bowling Centers, Inc., and AMF Eastwood Bowling Center (“AMF”).
*875 On November 3, 1995, Sharpe and three of his friends went to the defendants’ bowling alley, known as Eastwood Bowling Center. Sharpe was a passenger in an automobile driven by a friend. As the group was leaving the bowling alley, they drove by the front entrance and stopped there to talk to some young women. Shortly after that, Sharpe got into an argument with the boyfriend of one of the young women. A fight resulted and Sharpe was struck in the head with a bowling ball. Sharpe’s friends broke up the fight and helped him into the front passenger seat of the automobile.
Gary Sanderson, an off-duty deputy sheriff, was working at the bowling alley as a security guard on the night of the incident. He was informed of a disturbance and went outside to investigate. Sanderson testified that as he exited the interior set of glass doors he heard a gunshot; the shot came from the direction of an automobile parked at the front entrance of the bowling alley, and he saw a muzzle flash from inside the car. Sanderson fired four shots into the front area of the automobile. One of the bullets hit Sharpe and he sustained injuries to both legs.
On October 31, 1997, Sharpe sued AMF, alleging that AMF had negligently and wantonly hired, trained, and supervised Sanderson, and that AMF, through Sand-erson as AMF’s agent, (1) had acted negligently and wantonly in discharging a firearm into the vehicle occupied by Sharpe and (2) had committed an assault and battery on Sharpe.[1] AMF moved for a summary judgment, arguing that Sanderson had been working as an independent contractor and that he had acted in self-defense and without negligence when he fired his weapon and struck Sharpe in the legs. Sharpe filed a response opposing AMF’s summary-judgment motion, arguing that the evidence before the court presented genuine issues of material fact and that AMF was not entitled to judgment as a matter of law. See Rule 56(c), Ala. R. Civ. P.
After considering depositions, affidavits, documents, and briefs submitted on the summary-judgment motion, the trial court determined there were no material facts in dispute. The trial court further concluded, based upon what it characterized as undisputed facts, that Officer Sanderson had been acting as an independent contractor, not as an agent of AMF, and entered the summary judgment in favor of AMF. Sharpe has appealed. He contends that the summary judgment was improper because, he argues, the evidence created a genuine issue of material fact — whether Sanderson had in fact acted as an independent contractor and not as an agent of AMF.
Under Rule 56(c)(3), Ala. R. Civ. P., a summary judgment is appropriate when the evidence presents no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Olympia Produce Co. v. Associates Fin. Servs. of Alabama, Inc., 584 So.2d 477 (Ala.1991). The burden is on the party moving for a summary judgment to show that no material fact is in dispute. Once the moving party has made a prima facie showing that no genuine issue of material fact exists, the burden shifts to the non-movant to present “substantial evidence” creating a genuine issue of material fact. Cobb v. Southeast Toyota Distribs., Inc., 569 So.2d 395 (Ala.1990). For evidence to be considered “substantial,” it must be of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). Our review of a summary judgment is de novo. Lipham v. General Motors Corp., 665 So.2d 190 (Ala.1995). This Court, on review of a summary judgment, must view the evi *876 dence in a light, most favorable to .the nonmovant. Malmberg v. American Honda Motor Co., 644 So.2d 888 (Ala.1994).
The single issue in this appeal is the relationship of Sanderson to AMF. Lankford v. Gulf Lumber Co., 597 So.2d 1340, 1343 (Ala.1992), provides the test for determining-whether Sanderson was an employee/agent or an independent contractor: “The test used in cases such as this to determine if a defendant may be held ha-ble under respondeat superior or whether the alleged tort-feasor was an independent contractor, is whether the aheged employer has reserved the right of control over the means by which the work is done; the test is not the actual exercise of such control.” The evidence suggests that the manager of the bowling alley told the guards how to do their job and suggests that if a guard’s work was not done to her approval she would replace the guard. This is substantial evidence indicating she had a right to control how the guards did their job. See Lankford, supra.
According to testimony from Charlotte Six, the manager of the Eastwood Bowhng Center, where Sanderson worked, she contacted the Birmingham Police Department to obtain weekend security services. She mainly needed security guards to work at the bowling alley on Friday and Saturday nights from 10:00 p.m. to 3:00 a.m. She testified that the guards were subcontractors, not employees. Employees, according to Six, were required to fill out employment applications and tax-withholding forms, were paid by payroll check, and received benefits. The security guards were not required to submit an employment application; they were paid in cash at the end of the shift; and no payroll tax or other deductions were taken out of the cash payment.
She did, however, testify that she set the work hours and required the security guards to check in at the front desk upon arriving. She further testified that she instructed the guards to control the building and that on occasion she would direct the guards to patrol in front of the building. She also testified that she distributed to the security guards a memorandum that listed the following job responsibilities:
“1. Check in with manager on duty at counter.
“2. Observe and keep the crowd under control.
“3. Check restrooms and parking lots.
“4. One guard at the front door while the other walks through the center observing patrons bowling and hanging around. ,
“5. Do not sit in a car parked out front. Be on the move patrolling building and parking lot.
“6. Keep out all. outside food and drinks other than birthday cakes.
“7. Do not show any racism. Our customers have no color. People just hanging around are no customers.
“8. All employees will fill out all paperwork required by Eastwood Bowl.”
By affirming, this Court accepts the trial court’s conclusions that these facts show Sanderson to be, as a matter of law, an independent contractor. I cannot agree. Therefore, I respectfully dissent.
The trial court based its summary judgment on the conclusion that there was no agency relationship. “Summary judgment is not proper if conflicting inferences can be drawn from the evidence, i.e., if reasonable men might reach different conclusions.”- Gordon v. Mobile Policemen’s & Firefighters’ Pension & Relief Fund Bd., 641 So.2d 799, 800 (Ala.Civ.App.1993). “[T]he existence and scope of an agency relationship are questions of fact to be determined by the jury.” Standard Plan, Inc. v. Tucker, 582 So.2d 1024, 1029 (Ala.1991) (citing Potomac Leasing Co. v. Bulger, 531 So.2d 307 (Ala.1988); Calvert v. Casualty Reciprocal Exchange Ins. Co., 523 So.2d 361 (Ala.1988)). See also, Malmberg, supra, Secor Bank v. Bailey, 596 So.2d 900 (Ala.1992), and Danford v. Arnold, 582 So.2d 545 (Ala.1991). Considering the evidence in the record; I con *877 clude that it is a jury question as to whether Sanderson was an agent of AMF.
We must decide agency issues on a case-by-case basis:
“ ‘It is not possible to lay down a hard and fast rule or state definite facts by which the status of men working and contracting together can be definitely defined in all cases as employee or independent contractor. Each case must depend on its own facts. Ordinarily, no one feature of the relation is determinative, but all must be considered together.’ 1 Honnold on Workmen’s Compensation, § 66.”
Burbic Contracting Co. v. Willis, 386 So.2d 419, 421 (Ala.1980) (quoting Birmingham Post Co. v. Sturgeon, 227 Ala. 162, 165, 149 So. 74, 76 (1933)). The evidence here suggests that it is far more likely that an agency relationship existed than that it did not. Six replaced the security guards that did not meet her approval. The guards checked in with her when they got to work, and she set their hours. When Six hired Sanderson, she instructed him on the duties he was to perform. In her words, she gave the guards “directions” on how to do their job. Some of those directions included where to patrol, who to control (loiterers), and what they could and could not allow in the bowling alley.
Although Six testified that the security guards were independent contractors and not employees, that testimony is not itself determinative. “[A]n agency relationship is to be determined from the facts of [the] case, and not how the parties characterize their relationship.” Roberts v. Walding, 719 So.2d 241, 243 (Ala.Civ.App.1998) (citing Curry v. Welborn Transport, 678 So.2d 158 (Ala.Civ.App.1996)). “Agency is determined by the evidence as a whole, not necessarily by how the parties characterize their relationship.” Turner v. Hayes, 719 So.2d 1184, 1188 (Ala.Civ.App.1997) (citing Campbell v. Employers Ins. Co., 521 So.2d 924 (Ala.1988)).
Additionally, the fact that AMF paid the security guards in cash, with no deductions for Social Security or taxes, is not disposi-tive in determining whether an agency relationship exists. “Under general principles of agency law, compensation is not the controlling factor for the determination of agency.” Turner v. Deutz-Allis Credit Corp., 544 So.2d 840, 843 (Ala.1988).
The evidence presents a genuine issue of material fact as to whether Officer Sander-son was an agent of AMF. That is a question for the jury. Therefore, the trial court erred in entering the summary judgment. I respectfully dissent.
COOK, J., concurs.

. The trial court entered the summary judgment for AMF because the court concluded that Officer Sanderson was an independent contractor. Because the trial court addressed only the agency issue, I will not address the assaulNand-battery claim.